LEE F. BEATTY AND WIFE, KATHERINE J. BEATTY, v. GASTON REALTY COMPANY AND REAL ESTATE, INC., BOTH NORTH CAROLINA CORPORATIONS.

(Filed 23 November, 1966.)

**Judgments § 13—**

Where summons is served upon a person as managing agent of a domestic corporation and such person denies the validity of the service on the ground that he is not such agent, but nevertheless later files answer on behalf of the corporation while still denying the agency, the court may strike from the answer those allegations denying agency and thereupon must deny plaintiff's motion to strike the answer and for judgment by default and inquiry, since in such event the answer of defendant corporation is filed.

ON *certiorari* to review order entered by *Houk, J.,* at the June 20, 1966 Civil Session, GASTON Superior Court.

*Horace M. DuBose, III, for plaintiff appellants.*
*William N. Puett for defendant appellee.*

PER CURIAM. Plaintiffs instituted this civil action on June 20, 1965, to recover from the defendants the sum of $7,500.00 damages resulting from defective workmanship in the construction of a dwelling house the defendants built for the plaintiffs who paid the full contract price of $22,000.00. The plaintiffs specifically described the defects in workmanship and the damage of $7,500.00 resulting therefrom.

The summons and complaint were served on Earl R. Ransom, managing agent of Gaston Realty Company, a corporation. Earl R. Ransom entered, or attempted to enter, a special appearance and moved to dismiss the action as to Gaston Realty Company on the ground that he is not its managing agent. After hearing, Judge Falls found that Earl R. Ransom is and was at the time of service of process the managing agent, and that the service on him was a valid service on Gaston Realty Company. The court ordered the Gaston Realty Company to answer. Earl R. Ransom, still protesting his lack of authority, filed an answer denying any defects in workmanship in the construction of the house or that any sum is due the plaintiffs.

The plaintiffs moved to strike the answer and for judgment by default and inquiry. Judge Houk struck from the answer that part which alleged that Earl R. Ransom was not the managing agent of Gaston Realty Company but denied the judgment by default and inquiry for failure to file answer. Of course, after finding Earl R. Ransom is the managing agent of Gaston Realty Company, and

has filed their answer, the court could not flip the coin and from the other side say that the plaintiffs are entitled to judgment by default and inquiry because no answer had been filed.

No error in the order entered by Judge Houk is made to appear, and the order is

Affirmed.